[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

RECEIVED

NOV 16 2020

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

## Carlton Theodore Landis

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**20 cv 50447**
**Judge Iain D. Johnston**
**Magistrate Judge Lisa A. Jensen**

vs.

## Correctional Officer Shellhammer

## Correctional Officer Heim

## Correctional Officer Nayda

## Lieutenant Williams

## Lieutenant Kietzman

## Nurse Bice . . .

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

CHECK ONE ONLY:

_____    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
          U.S. Code (state, county, or municipal defendants)

  ✓       COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
          28 SECTION 1331 U.S. Code (federal defendants) ; 28 U.S.C. section 1367 ; 28 U.S.C. 1361;
          42 U.S.C. 1985, 1986 ; 28 U.S.C. 2201, 2202 ; 5 U.S.C. 551, et seq., 701, et seq. ; 28 U.S.C. 1332 (a)(1).

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED

MAR 31 ...

THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

   A.  Name: __Carlton Theodore Landis__

   B.  List all aliases: __Carlton Theodore Landers__

   C.  Prisoner identification number: __24449-056__

   D.  Place of present confinement: __AUSP Thomson__

   E.  Address: __P.O. Box 1002, Thomson, IL 61285__

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A.  Defendant: __Correctional Officer Shellhammer__

   Title: __Correctional Officer__

   Place of Employment: __AUSP-Thomson__

   B.  Defendant: __Correctional Officer Heim__

   Title: __Correctional Officer__

   Place of Employment: __AUSP-Thomson__

   C.  Defendant: __Correctional Officer Nayda__

   Title: __Correctional Officer__

   Place of Employment: __AUSP-Thomson__

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 of 27

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.  List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.  Name of case and docket number: Landis V. Martin, et al ; 19-CV-177-DPJ-FKB

B.  Approximate date of filing lawsuit: March 15, 2019

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: Carlton Theodore Landis

D.  List all defendants: Martin, Singleton, Curry, Evans, Taylor, Grimaldi, Lott, Rogers

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Mississippi

F.  Name of judge to whom case was assigned: Daniel P. Jordan, III

G.  Basic claim made: Retaliatory Placement in segregation and denial of Medical care

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case was dismissed ; Motion for reconsideration pending.

I.  Approximate date of disposition: October 7, 2020

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On October 10, 2019, Defendant Shellhammer escorted Plaintiff, who was restrained with handcuffs attached to a waist chain, to the medical department to get Plaintiff's blood drawn.

2. When Plaintiff and Defendant Shellhammer arrived to the medical department, Defendant Bice and Phlebotomist Heather Dann were present.

3. Phlebotomist Dann withdrew some of Plaintiff's blood and afterwards, Defendant Shellhammer escorted Plaintiff out of the medical department.

4. En route back to Plaintiff's housing unit, Defendant Shellhammer rammed Plaintiff's head against the wall and slammed Plaintiff on the ground.

5. Plaintiff asked Defendant Shellhammer why was he assaulting Plaintiff, and Defendant Shellhammer said because Plaintiff had exposed himself to Phlebotomist Dann and Correctional Officer Hernandez, about a month earlier, which was why he had to escort Plaintiff to the medical department instead of allowing Phlebotomist Dann to come to Plaintiff's cell.

6. Defendant Shellhammer called for backup while he had Plaintiff restrained on the ground, and Defendants Heim and Nader came and jumped on top of Plaintiff.

7. While on top of Plaintiff, Defendants Shellhammer, Heim, and Nader

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

repeatedly punched Plaintiff in the head and face while chiding Plaintiff for exposing himself to Phlebotomist Dann and Correctional Officer Hernandez.

8. Defendant Kietzman also responded to Defendant Shellhammer's call for backup, and without even inquiring about what had happened, Defendant Kietzman ordered Defendants Heim, Shellhammer, and Nader to put Plaintiff in the most restrictive form of ambulatory restraints.

9. While putting Plaintiff in the most restrictive form of ambulatory restraints, Defendant Heim maliciously and sadistically applied Plaintiff's hand restraints overly tightly.

10. Plaintiff immediately asked Defendants Kietzman, Shellhammer, Nader, and Heim to loosen the hand restraints, but they refused.

11. The tightness of the hand restraints was cutting off the blood circulation in Plaintiff's hands, and was causing Plaintiff severe pain.

12. Plaintiff was given a medical assessment by Defendant Bice, who refused to check the restraints after Plaintiff complained about the tightness of the restraints.

13. As a consequence of being assaulted by Defendants Shellhammer, Heim, and Nader, Plaintiff suffered a gash over his left eye.

14. Defendant Bice bandaged the gash during the medical assessment.

15. Plaintiff was maintained in the most restrictive form of ambulatory restraints for about five (5) hours.

16. While Plaintiff was in prolonged ambulatory restraints, Defendant Williams

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V.     Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Nominal damages to whatever extent the Court deems appropriate; Compensatory damages in the amount of $50,000; Punitive damages in the amount of $100,000; Plaintiff's costs of suit; any other relief the Court deems appropriate; Judicial review pursuant to the Administrative Procedure Act; Declaratory relief; Nonstatutory injunctive relief; and mandamus relief.

---

## VI.     The plaintiff demands that the case be tried by a jury. ☑ YES   ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __28th__ day of __October__, 20 __20__

_____
(Signature of plaintiff or plaintiffs)

Carlton T. Landis
(Print name)

24449-066
(I.D. Number)

Administrative United States Penitentiary

P.O. Box 1002

Thomson, Illinois 61285
(Address)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

to Plaintiff during and after the time he was put in physical restraints, causing Plaintiff injury, pain, and suffering via the illicit use of force and application of restraints on Plaintiff.

25. Defendant Shellhammer fabricated an incident report against Plaintiff, claiming that Plaintiff attempted to assault him on October 10, 2019, while he was escorting Plaintiff back to the housing unit from medical.

26. The Disciplinary Hearing Officer expunged the fabricated incident report for attempted assault lodged against Plaintiff by Defendant Shellhammer.

27. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence owed Plaintiff a duty to provide Plaintiff — pursuant to 18 U.S.C. 4042(a)(2) and (3), 28 C.F.R. 552.20-27, and Program Statement 5566.06 — with medical care and the proper use of force and application of restraints.

28. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence breached their duty to Plaintiff.

29. Because Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence failed to carry out their duty owed to Plaintiff, Plaintiff suffered physical injury, pain, and suffering.

30. Plaintiff suffered extreme mental and emotional distress due to the acts and omissions of Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence.

31. The acts and omissions of Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence were intentional, neglect-ful, willful, malicious, and reckless, and outrageous.

32. The acts and omissions of Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence were unprovoked, unnece-ssary, and unjustified by security goals or penological goals and, thus, did not fall within the scope of employment.

33. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence acted for their sole personal benefit, not that of the sovereign.

34. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence did conspire to falsify documents to: (a) justify placing and maintaining Plaintiff in physical restraints and (b) hiding and/or minimizing Plaintiff's restraint-related injuries.

35. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence did conspire to execute a use of force and application of restraints, in an unlawful manner, against Plaintiff.

36. Defendants Shellhammer, Heim, Nader, and Kietzman never checked the tightness of the ambulatory restraints after their initial application.

37. Defendants Shellhammer, Heim, Nader, and Kietzman never attempted to temper their response.

38. Plaintiff followed every order given to him by Defendants Shellhammer, Heim, Nader, and Kietzman.

31. The acts and omissions of Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence were intentional, neglectful, willful, malicious, and reckless, and outrageous.

32. The acts and omissions of Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence were unprovoked, unnecessary, and unjustified by security goals or penological goals and, thus, did not fall within the scope of employment.

33. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence acted for their sole personal benefit, not that of the sovereign.

34. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence did conspire to falsify documents to (a) justify placing and maintaining Plaintiff in physical restraints and (b) hiding and/or minimizing Plaintiff's restraint-related injuries.

35. Defendants Shellhammer, Heim, Nader, Williams, Kietzman, Bice, Garcia, and Pence did conspire to execute a use of force and application of restraints, in an unlawful manner, against Plaintiff.

36. Defendants Shellhammer, Heim, Nader, and Kietzman never checked the tightness of the ambulatory restraints after their initial application.

37. Defendants Shellhammer, Heim, Nader, and Kietzman never attempted to temper their response.

38. Plaintiff followed every order given to him by Defendants Shellhammer, Heim, Nader, and Kietzman.

39. Defendants Shellhammer, Heim, Nader, and Kietzman were unjustified in putting Plaintiff in prolonged ambulatory restraints, as Plaintiff had not displayed any signs of imminent violence before or during the initial restraint placement.

40. Defendants Shellhammer, Heim, Nader, Kietzman, and Bice knew that they were putting Plaintiff in prolonged ambulatory restraints in a manner that would cause pain, injury, and suffering to Plaintiff.

41. Defendants Shellhammer, Heim, Nader, and Kietzman were required to place Plaintiff in the least restrictive form of ambulatory restraints, yet they used the most restrictive form of ambulatory restraints.

42. Defendants Shellhammer, Heim, Nader, Kietzman, and Bice were required to place Plaintiff in soft restraints, yet they used hard restraints.

43. Plaintiff was unjustly maintained in prolonged ambulatory restraints for 5 hours on October 10, 2019.

44. Defendants Shellhammer, Heim, Nader, Kietzman, Williams, and Bice conspired to unjustly place and maintain Plaintiff in the most restrictive form of ambulatory restraints, which were maliciously and sadistically tightened, in order to inflict corporal punishment on Plaintiff for exposing himself to female staff.

45. As a consequence of Defendants Shellhammer, Heim, Nader, Kietzman, Williams, and Bice maliciously and sadistically applying, and/or refusing to loosen, Plaintiff's physical restraints, Plaintiff suffered pain, bruising, numbness, and swelling to his hands, wrists, and ankles.

46. Defendants Shellhammer, Heim, Nader, Kietzman, Bice, Garcia, Williams, and Pence deliberately refused to provide for the treatment of Plaintiff's pain, injury, and suffering caused by the malicious and sadistic use of force and application of restraints that was executed on Plaintiff on October 10, 2019.

47. Defendants Shellhammer, Heim, Nader, Kietzman, Bice, Garcia, Williams, Pence, Connors, and Hurwitz conspired with each other to deprive Plaintiff of equal protection of the law — as guaranteed by the Fifth Amendment (Equal Protection), 18.U.S.C. 4042 (a)(2) and (3), and 28.C.F.R. 552. 20-27 — by maliciously and sadistically using force on, and applying restraints to, Plaintiff on October 10, 2019, and/or by deliberately ignoring such acts and omissions.

48. Defendants Shellhammer, Heim, Nader, Kietzman, and Williams utilized racially-charged, verbal tripes towards Plaintiff while he was in physical restraints.

49. The racially-charged, verbal tripes were meant to degrade and humiliate Plaintiff because of his African race.

50. The racially-charged, verbal tripes were utilized by these Defendants to unjustly maintain Plaintiff in physical restraints.

51. Plaintiff was similarly situated with white inmates at AUSP-Thomson who (a) purportedly or actually violated B.O.P. rules and regulations and/or (b) were placed and maintained in physical restraints.

52. As indicated by the Defendants' acts and omissions above, Plaintiff was treated differently than similarly situated white inmates at AUSP-Thomson.

53. As indicated by the Defendants' acts and omissions above, the Defen-

dants were acting for their own personal benefit, not that of the sovereign U.S. Government.

53. Defendants Shellhammer, Heim, Nader, Kietzman, Williams, Bice, Garcia, and Pence owed Plaintiff a duty to provide Plaintiff — pursuant to 18 U.S.C. 4042(a)(2) and (3), 28 C.F.R. 552.20-27, and Program Statement 5566.06 — with medical care and the proper use of force and application of restraints.

54. Defendants Shellhammer, Heim, Nader, Kietzman, Williams, Bice, Garcia, and Pence breached their duty to Plaintiff.

55. Because Defendants Shellhammer, Heim, Nader, Kietzman, Williams, Bice, Garcia, and Pence failed to carry out their duty owed to Plaintiff, Plaintiff suffered physical injury, pain, and suffering.

56. Plaintiff suffered extreme mental and emotional distress due to the acts and omissions of Defendants Shellhammer, Heim, Nader, Kietzman, Williams, Bice, Garcia, Pence, Connors, and Hurwitz.

57. The acts and omissions of these Defendants in regard to the illicit use of force and application of restraints on Plaintiff, as described above, represent a pattern or practice of the Defendants and other Bureau of Prisons officials at AUSP-Thomson and other Bureau of Prisons facilities.

58. The pattern or practice of the Defendants and other Bureau of Prisons officials has/had the effect of discriminating on black inmates, such as Plaintiff.

59. Defendants Shellhammer, Heim, Nader, Kietzman, Williams, Bice, Garcia,

Pence, Connors, and Hurwitz very well intended to discriminate on Plaintiff, via their conspiracy to illicitly use force and apply restraints, on account of his race.

60. The broad objective of these Defendants, in executing their malicious and sadistic use of force and application of restraints, was/is to inflict corporal punishment on black inmates, such as Plaintiff, who engage in actions or behaviors (arguing with whites, refusing cell assignments issued by whites, exposing themselves to white women, etc.) that personally displease these white Defendants.

61. Since Plaintiff has been incarcerated under the care of the Bureau of Prisons, he has experienced and witnessed — at AUSP: Thomson, USP-Lewisburg, USP-Allenwood, USP-Yazoo City, USP-Atlanta, USP-Leavenworth, USP-Marion, FCI-Bennettsville, FCI-Pollock, and FCI-Petersburg — prison officials engage in the same malicious and sadistic practices described above (1-60).

62. The pain, injury, and suffering that Plaintiff was subject to, as described above (1-61), was consistent with an institutionalized practice of AUSP-Thomson and other B.O.P. facilities, which was known to and ratified by Defendants Bureau of Prisons, Connors, Hurwitz, and Rivers.

63. Despite knowledge of these institutionalized practices, Defendants Bureau of Prisons, Connors, Hurwitz, and Rivers have at no time taken any effective action to prevent B.O.P. personnel from continuing to engage in the malicious and sadistic behavior described above (1-62).

64. Defendants Bureau of Prisons, Connors, Hurwitz, and Rivers had

prior notice of the vicious propensities of the remaining Defendants and other B.O.P. personnel, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

65. The failure of Defendants Bureau of Prisons, Connors, Hurwitz, and Rivers to properly train the remaining Defendants and other B.O.P. personnel included the failure to instruct them in the proper and prudent use of force and application of restraints, as outlined in 28 C.F.R. 552.20-27 and Program Statement 5566.06.

66. B.O.P. officials, including the Defendants, are engaged in the malicious and sadistic practice of deliberately shirking Use of Force and Application of Restraints policy, in order to inflict corporal punishment on black inmates (such as Plaintiff), by (a) not utilizing soft restraints, (b) utilizing the most restrictive form of ambulatory/four-point restraints as an initial measure, (c) manipulating restraint-check forms in order to justify keeping inmates in restraints longer than necessary, (d) tightening restraints so as to cause injury, pain, and suffering, (e) not feeding inmates, (f) not allowing inmates to use the bathroom, (g) not allowing inmates to rotate positions, (h) assaulting inmates, and (i) unjustly putting and maintaining inmates in restraints.

67. Plaintiff exhausted his administrative remedies with the Bureau of Prisons in regard to the restraint-related violations (para. 66 above).

68. The Bureau of Prisons denied Plaintiff's grievances in regard to these restraint-related violations (para. 66 above), claiming that

the B.O.P. officials were not violating policy.

69. As a consequence of the Bureau of Prisons denying the grievances, Plaintiff was subjected to the restraint-related violations (para. 66 above) on numerous occasions thereafter.

70. As the Bureau of Prisons denied these grievances at the institutional-, regional-, and central-office level, and Plaintiff was again subjected to pain, injury, and suffering as a consequence of the restraint-related violations (para. 66 above), these restraint-related violations (para. 1-66 above) are a final agency action.

71. Plaintiff seeks judicial review of this final agency action (para. 70 above) pursuant to the Administrative Procedure Act, 5 U.S.C. 706 (1) and (2)(A)-(D).

72. The excessive tightness of Plaintiff's hand and waist restraints was a serious medical condition.

73. The Defendants' (Shellhammer, Heim, Nader, Kietzman, Williams, Dice, Garcia, and Pence) refusal to provide for the treatment of Plaintiff's serious medical condition (para. 72 above) caused the condition to worsen (bruising, blisters, wounds, swelling, and numbness (nerve damage) to Plaintiff's wrists, hands, and waist).

74. All of the Defendants continue to engage in the restraint-related violations (para. 66 above), which continues to cause Plaintiff severe anxiety, depression, and suicidal ideation.

## Federal Theories of Recovery

## A. Bivens

75. Plaintiff is suing all (save the Bureau of Prisons) of the Defendants in their individual capacity for violating Plaintiff's Fifth (racial discrimination) and Eighth (Deliberate indifference and excessive force) Amendment rights.

76. As the facts (para. 1-74 above) demonstrate, all (save the Bureau of Prisons) of the Defendants discriminated against Plaintiff on the basis of his race by their malicious and sadistic use of force and application of restraints on Plaintiff.

77. As the facts (para. 1-74 above) demonstrate, all (save the Bureau of Prisons) of the Defendants showed deliberate indifference to Plaintiff's pain, injury, and suffering which were provoked by their malicious and sadistic use of force and application of restraints.

78. As the facts (para. 1-74 above) demonstrate, all (save the Bureau of Prisons) of the Defendants maliciously and sadistically used force and applied restraints on Plaintiff, and they made no effort to temper their response beforehand.

79. Plaintiff only seeks monetary damages from these Defendants as it pertains to these Bivens claims.

## B. 42 U.S.C. 1985(3), 1986

80. Plaintiff is suing all (save the Bureau of Prisons) of the Defendants

in their individual capacity for depriving Plaintiff of equal protection of the laws.

81. "Equal Protection of the laws" pertains to Plaintiff's Fifth Amendment right to due process and equal protection; his Eighth Amendment right to be free from cruel and unusual punishment; and his rights that stems from 18 U.S.C. 4042 (a)(2) and (3) and 28 C.F.R. 552. 20-27.

82. As the facts (para. 1-74 above) demonstrate, all (save the Bureau of Prisons) of the Defendants did conspire amongst each other to discriminate against Plaintiff on the basis of his race by their malicious and sadistic use of force and application of restraints on Plaintiff, thus depriving Plaintiff of equal protection of the laws (para. 81 above).

83. These Defendants were acting for their own personal benefit, which was/is consistent with maliciously and sadistically inflicting corporal punishment on black inmates for arguing with whites, refusing dangerous cell assignments issued by whites (these cell assignments are meant to force black inmates to fight each other), and exposing themselves to white woman.

84. Plaintiff only seeks monetary damages from these Defendants as it pertains to these conspiracy claims.

### C. Administrative Procedure Act (APA)

85. Plaintiff is only suing the Bureau of Prisons in its official capa-

City pursuant to the APA.

86. Plaintiff seeks judicial review, pursuant to 5 U.S.C. 706 (1) and (2)(A) - (D), of the Defendant B.O.P.'s acts and omissions (see para. 66 above) in regard to its use of force and application of restraints in this complaint (see para. 1-74 above) and throughout the Bureau of Prisons.

87. Plaintiff exhausted his administrative remedies with the B.O.P. in regard to these acts and omissions (see para. 1-74 above).

88. The B.O.P. issued its final decision in regard to Plaintiff's grievances concerning these acts and omissions (see para. 1-74 above).

89. In its final decision, the B.O.P. claimed that B.O.P. officials were not deviating from B.O.P. policy, and it upheld the acts and omissions described above (para. 1-74).

90. After the B.O.P. rendered its final decision, Plaintiff was subjected to undue pain, injury, and suffering on several more occasions due to B.O.P. officials' malicious and sadistic use of force and application of restraints on Plaintiff, as described above (para. 1-74).

91. As the B.O.P. rendered its final decision, from which flowed rights, obligations, and legal consequences for Plaintiff (see para. 89 above), the challenged acts and omissions (para. 66 above, and para. 1-74 above) are a final agency action.

92. Plaintiff is claiming that the B.O.P.'s acts and omissions violate(d) Plaintiff's Fifth (due process and equal protection) and Eighth (deliberate indifference and excessive force) Amendment rights.

93. Plaintiff also seeks to have this Court compel the B.O.P. to utilize a video camera during two-hour restraint checks to evidence Plaintiff's, and other inmates', demeanor, which will prevent B.O.P. officials from manipulating restraint check forms about Plaintiff's, and other inmates', demeanor while in restraints.

94. Plaintiff has no other remedy in equity.

## D. Mandamus

95. Plaintiff is suing all of the Defendants in their official capacity for a writ of mandamus.

96. Plaintiff seeks to have this Court command the Defendants to perform all non-discretionary acts outlined in the Use of Force and Application of Restraints, 28 C.F.R. 552. 20-27, which the Defendants have repeatedly failed to perform (see para. 66 above; para. 1-74 above).

97. Plaintiff also seeks to have this Court command the Defendants to utilize a video camera during two-hour restraint checks to evidence Plaintiff's, and other inmates', demeanor, which will prevent the Defendants from manipulating restraint check forms about Plaintiff's, and other inmates', demeanor while in restraints.

98. Pursuant to 18 U.S.C. 4042 (a)(2) and (3) and 28 C.F.R. 552. 20-27, the Defendants owe(d) Plaintiff a duty in regard to the proper use of force and application of restraints.

99. The Defendants have breached that duty.

100. The Defendants' acts and omissions (see para. 1-74 above) violate(d) Plaintiff's Fifth (due process and equal protection) and Eighth (deliberate indifference and excessive force) Amendment rights.

101. Plaintiff has no other remedy in equity.

### E. Declaratory Judgment

102. Plaintiff is suing all of the Defendants in their official capacity for declaratory relief.

103. Plaintiff seeks to have this Court declare what Plaintiff's rights are in regard to the use of force and application of restraints, as it pertains to the Defendants' acts and omissions mentioned above (see para. 1-74).

104. The Defendants' acts and omissions (see para. 1-74 above) violate(d) Plaintiff's Fifth (due process and equal protection) and Eighth (deliberate indifference and excessive force) Amendment rights.

105. The Defendants' acts and omissions repeatedly cause(d) Plaintiff to suffer severe anxiety, depression, and suicidal ideation.

### F. Injunctive Relief (Nonstatutory)

106. Plaintiff is suing all of the Defendants in their official capacity for nonstatutory injunctive relief.

107. Plaintiff seeks injunctive relief to compel the Defendants to perform all non-discretionary acts outlined in the Use of Force and Application of Restraints, 28 C.F.R. 552. 20-27, which the Defendants have repeatedly failed to perform (see para. 66 above; para. 1-74 above).

108. Plaintiff also seeks injunctive relief to compel the Defendants to utilize a video camera during two-hour restraint checks to evidence Plaintiff's, and other inmates', demeanor; which will prevent the Defendants from manipulating restraint check forms about Plaintiff's, and other inmates', demeanor while in restraints.

109. The Defendants' acts and omissions (see para. 1-74 above) violate(d) Plaintiff's Fifth (due process and equal protection) and Eighth (deliberate indifference and excessive force) Amendment rights.

110. The Defendants' acts and omissions repeatedly cause(d) Plaintiff to suffer severe anxiety, depression, and suicidal ideation.

## State Law Theories of Recovery[1]

111. Plaintiff is suing all of the Defendants (save the Bureau of Prisons) in their individual capacity for violating Illinois tort and constitutional laws.

112. On or about September 1, 2019, the Plaintiff caused a written verified Notice of Claim to be filed with and served on the proper officials in Chicago, Illinois, pursuant to the claims statutes governing these

Cases.

113. Plaintiff's claim has been denied by operation of law because more than 30 days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

114. The acts and omissions alleged above constitute actionable torts under the State of Illinois, including the tort of :

    a. Willful and Wanton Conduct

    b. Intentional Infliction of Emotional Distress

    c. Breach of Public Trust

    d. Medical Negligence and Malpractice

    e. Negligence

    f. Assault and/or Battery

    g. Denial of Due Process

    h. Negligent Infliction of Emotional Distress

    i. Conspiracy

    j. Official Misconduct

    k. Negligent Supervision or Training Resulting in Injury

    l. Race Discrimination (Illinois Human Rights Act)

    m. Malice

    n. Oppression

    o. Mental Distress

    p. Injunctive/Declaratory Relief

## Caption (Cont.)

Nurse Garcia                          Warden Rivers
Health Service Administrator Pence     Bureau of Prisons
Hugh Hurwitz
Ian Connors

## II. Defendants (Cont.)

D. Lieutenant Williams
   Lieutenant
   AUSP-Thomson

E. Lieutenant Kietzman
   Lieutenant
   AUSP-Thomson

F. Nurse Bice
   Nurse
   AUSP-Thomson

G. Nurse Garcia
   Nurse

23 of 27

AUSP-Thomson          L. Bureau of Prisons

                                   Agency

H. HSA Pence             Washington, D.C.

     Health Service Administrator

     AUSP-Thomson

I. Hugh Hurwitz

     Director

     Washington, DC. (B.O.P. Central Office)

J. Ian Connors

     National Appeals Coordinator

     Washington, D.C. (B.O.P. Central Office)

K. Warden Rivers

     Warden

     AUSP-Thomson

## III. Previous Lawsuits (Cont.)

A. Landis V. Ebbert, 19-CV-477

B. March 15, 2019

C. Carlton Theodore Landis

D. Eobert, Steese, Savidge, Hackenburg, Bureau of Prisons, Connors, Ormond, Sienkiewicz

E. Middle District of Pennsylvania

F. Christopher C. Conner

G. Unwarranted denial of recreation ; excessive force

H. Pending

I. Pending


A. Landis v. Lieutenant Wilson; 19-CV-1301

B. June 15, 2019

C. Carlton Theodore Landis

D. Wilson, Beachel, Troutman, Saylor, Leonowicz, Hurwitz, Bureau of Prisons, Dees, Ayers

E. Middle District of Pennsylvania

F. Christopher C. Conner

G. Illicit use of force and application of restraints

H. Pending

I. Pending


A. Landis v. Bureau of Prisons ; 19-CV-50290

B. October 31, 2019

C. Carlton Theodore Landis

D. Bureau of Prisons, Executive Office of United States Attorneys, A.T.F.

E. Northern District of Illinois

F. Phillip G. Reinhard

G. Freedom of Information Act

H. Pending

I. Pending


A. Landis v. Warden Rivers ; 20-CV-50168

B. June 20, 2020

C. Carlton Theodore Landis

D. Rivers, Doerer

E. Northern District of Illinois

F. Iain D. Johnston

G. Failure to protect

H. Pending

I. Pending


A. Landis v. Federal Bureau of Prisons ;

B. September 28, 2020

C. Carlton Theodore Landis

D. Bureau of Prisons

E. District of Columbia

F. Unassigned

G. Medical Care

26 of 27.

H. Pending

I. Pending


A. Landis v. Lieutenant Murton, 19-cv-50257

B. October 15, 2019

C. Carlton Theodore Landis

D. Murton, Erskine, Maybury, Bureau of Prisons, Rivus

E. Northern District of Illinois

F. Iain D. Johnston

G. Illicit use of force and application of restraints

H. Pending

I. Pending


# Notes


1. Plaintiff is invoking supplemental jurisdiction (28 u.s.c. 1367) and jurisdiction pursuant to diversity citizenship (28 u.s.c. 1332(a)(1)). Plaintiff is a citizen of North Carolina, the Defendants of Washington, D.C. and Illinois.